## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

RANDY YOUNG                              :
4285 Waterside Place
Grove City, Ohio 43123                   :        CASE NO. 2 : 07 cv 394

           Plaintiff,          :        JUDGE

         v.                   :        MAGISTRATE JUDGE

7 STAR ENTERTAINMENT, INC.               :
c/o Susan L Davis
107 Governor Foraker Place               :
Hillsboro, Ohio 45133
                   :
          Defendant.

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF
### (w/ Jury Demand Endorsed Hereon)

Plaintiff Randy Young, by and through the undersigned counsel, brings the following

Complaint against Defendant 7 Star Entertainment, Inc.

## PARTIES

1.      Plaintiff Randy Young is a natural person residing in the State of Ohio.

2.      Defendant 7 Star Entertainment, Inc. is an Ohio corporation that owns a shopping plaza

      in Grove City, Ohio, that is the subject of this Complaint.

## JURISDICTION AND VENUE

3.      Count I is brought pursuant to the laws of the United States, therefore the Court has

      jurisdiction pursuant to 28 U.S.C. §1331. Count II utilizes the same core of operative fact,

      and is therefore subject to supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4.     Venue is proper pursuant to 28 U.S.C. §1391, due to the fact that the Defendant's facility

which is that subject of this Complaint is located in Grove City, Ohio.

## FACTUAL BACKGROUND

5.     Plaintiff is a paraplegic who is confined to a wheelchair, and is therefore substantially

limited in the major life function of walking.

6.     Completely independent of his personal desire to have access to places of public

accommodation free of illegal barriers to access, Plaintiff also acts a "tester" on behalf of

himself and other persons with disabilities, for the purpose of discovering, encountering, and

engaging discrimination against the disabled in public accommodations. When acting as a

"tester," Plaintiff employs a routine practice. He personally visits the public accommodation;

engages all of the barriers to access, or at least all of those that he is able to access; and tests

all of those barriers to access to determine whether and the extent to which they are illegal

barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently

returns to the premises to verify its compliance or non-compliance with the ADA and to

otherwise use the public accommodation as members of the able-bodied community are able

to do. Independent of other subsequent visits, Plaintiff also intends to visit the premises

annually to verify its compliance or non-compliance with the ADA, and its maintenance of

the accessible features of the premises.

7.     In this instance, Plaintiff, in his individual capacity and as a "tester", and on his own

behalf and on behalf of others, visited the facility, encountered barriers to access at the

Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will

2

continue to suffer such harm and injury as a result of the illegal barriers to access and
Defendant's violations set forth herein.

8.    On or about April 22, 2006, Plaintiff attempted to avail himself of the services and
products of Big K-Mart at 2384 Stringtown Road, Grove City, Ohio. Plaintiff was
confronted with the following problems which caused him to be unable to fully and equally
enjoy the goods, services, facilities, privileges, and advantages of shopping at the Big K-Mart
or viewing a movie at the Star Cinema (located on the same property):

     a.  there were not enough disabled parking spaces;

     b.  the disabled parking spaces which are available are improperly striped;

     c.  there are no parking spaces which are accessible to his specially-equipped van;

     d.  there was no wheelchair-accessible route from the Big K-Mart to the Star
         Cinemas; and,

     e.  the counters at the Star Cinemas were too high for a wheelchair-bound
         individual; and,

     f.  the Star Cinemas had public restrooms, but none were wheelchair -
         accessible.

9.    The above listing is not to be considered all-inclusive of the barriers, conditions or
violations encountered by Plaintiff and/or which exist at the facility. Plaintiff requires an
inspection of the facility by an expert in order to determine all of the discriminatory acts
violating the ADA.

10.   Plaintiff is desirous in the future of availing himself of the goods, services, facilities,
privileges, and advantages of the facility.

3

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

11.     Plaintiff restates the allegations of ¶¶1-10 as if fully rewritten here.

12.     The plaza at 2384 Stringtown Road, Grove City, Ohio, (as well as the Big K-Mart and

Star Cinemas located therein), is a public accommodation and service establishment, and as

such must be, but is not, in compliance with the Americans with Disabilities Act ("ADA")

and Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

13.     Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities,

privileges, and advantages of the plaza and the businesses therein on the basis of his

disability, due to Defendant's property failing to be in compliance with Title III of the

Americans with Disabilities Act and its accompanying regulations. as prohibited by 42

U.S.C. § 12182, *et seq.*, and will continue to discriminate against Plaintiff and others with

disabilities unless and until Defendant is compelled to remove all physical barriers that exist

at the facility, including those specifically set forth herein, and make the facility accessible to

and usable by persons with disabilities, including Plaintiffs.

14.     Plaintiff, and others similarly-situated, are without adequate remedy at law and are

suffering irreparable harm, and reasonably anticipate that they will continue to suffer

irreparable harm unless and until Defendant is required to remove the physical barriers,

dangerous conditions and ADA violations that exist at the Facility, including those set forth

herein.

15.     Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction

requiring Defendant to make such readily achievable alterations as are legally required to

4

provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages

on its property to disabled persons. In connection with that relief, Plaintiff requests

reasonable attorneys fees and costs of maintaining this action.

**COUNT II**
**VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW**
**O.R.C. §4112.01 et seq.**

16.     Plaintiff restates the allegations of ¶¶1-15 as if fully rewritten here.

17.     The plaza at 2384 Stringtown Road, Grove City Ohio, and the businesses therein, are

"place[s] of public accommodation" pursuant to O.R.C. §4112.01(A)(9).

18.     Defendant committed an unlawful act pursuant to O.R.C. §4112.02(G) by denying

Plaintiff full enjoyment of its accommodations, advantages, facilities, or privileges.

19.     Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages,

and attorneys fees and costs, in an amount to be determined at trial, but in any event not less

than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and

equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled

persons.

**WHEREFORE,** Plaintiff demands,

for Count I, an injunction requiring Defendant to make all readily achievable alterations

to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to

disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

for Count II, compensatory and punitive damages, and attorneys fees and costs, in an

amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of

5

an injunction requiring Defendant to allow full and equal enjoyment of the goods, services,

facilities, privileges, and advantages to disabled persons.

## JURY DEMAND

Plaintiff demands a jury trial on liability and damages for Count II.

Respectfully Submitted,

Laren E. Knoll (0070594)
Trial Attorney for Plaintiff
Kennedy Reeve & Knoll
98 Hamilton Park
Columbus, Ohio 43203
(614) 228-2050

Of Counsel:
Gary A. Reeve (0064872)
Nicholas E. Kennedy (0070310)
Kennedy Reeve & Knoll
98 Hamilton Park
Columbus, Ohio 43203
(614) 228-2050

6